IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARS OHRSTROM, )<br>MAXICROP, U.S.A., INC., )<br>P. B. OHRSTROM & SONS, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TOM OHRSTROM, )<br>KELP COMMODITIES, LLC )<br>)<br>Defendants. ) | Case No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiffs Lars Ohrstrom, Maxicrop, U.S.A., Inc., P. B. Ohrstrom & Sons, Inc. ("Plaintiffs") by their attorneys, for their complaint against Tom Ohrstrom and Kelp Commodities, LLC (collectively "Defendants") state as follows:

1. Plaintiff, Maxicrop, U.S.A., Inc., is an Illinois Corporation with its principal place of business in Elk Grove Village, Illinois and is thus a citizen of Illinois.

2. Plaintiff, P. B. Ohrstrom & Sons, Inc., is an Illinois Corporation with its principal place of business in Elk Grove Village, Illinois and is thus a citizen of Illinois.

3. Defendant, Tom Ohrstrom, at all relevant times was a shareholder, director and officer of Plaintiffs residing in San Diego, California and is thus a citizen of California.

4. Defendant, Kelp Commodities, LLC, is a California limited liability company with its principal place of business in San Diego, California. It is thus a citizen of California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. Section 1331 as it arises under the laws of the United States and thus presents a question of federal law.

6. Jurisdiction is also proper under 28 U.S.C. Section 1332 (c) as this is a controversy between citizens of different states with an amount in controversy exceeding $75,000.00 exclusive of interest and costs.

7. Venue is proper in this district as both Plaintiffs are citizens of this district and the acts that occurred affected the citizens of this district.

## FACTS COMMON TO ALL COUNTS

8. Plaintiffs are closely held companies in the business of processing, manufacturing and selling a group of products for home and garden, horticultural and agricultural use. They have been in that business for over 40 years.

9. During the relevant time period, Tom Ohrstrom, one of the sons of the founder of the plaintiffs, was a sales person selling Plaintiffs' products, for which he was compensated. Tom Ohrstrom during the relevant period also was an officer, director and shareholder of Plaintiffs.

10. On information and belief, beginning in approximately 2009, Tom Ohrstrom began business operations that competed with the business of Plaintiff. Among other things, Tom Ohrstrom did the following:

    a. Established Kelp Commodities, LLC as a competitive business to that of Plaintiffs;

    b. Contacted suppliers to Plaintiff and ordered product, maintained inventory and sold that product, all in competition with Plaintiffs business;

   c. Took advantage of corporate opportunities that otherwise would have been available to Plaintiffs to purchase supplies and process, manufacture and sell finished product, in competition with Plaintiffs;

   d. For at least some of the aforementioned sales by Tom Ohrstrom and or Kelp Commodities LLC, the product was sold with a label identifying it as product being sold by one or the other of the Plaintiffs, thereby deceiving the customer as to the source of the product and depriving Plaintiffs of the benefit of the sales of product with Plaintiffs label and designation and name.

   e. For at least some of the aforementioned sales by Tom Ohrstrom and or Kelp Commodities LLC, the product was sold under the registered trademark(s) of the Plaintiffs, thereby infringing Plaintiffs' trademark(s) and depriving Plaintiffs of the benefit of the sales of product with Plaintiffs' label and designation and name.

11. Plaintiffs have for several months attempted to seek Defendants' cooperation in ceasing and desisting from the foregoing conduct.

12. Most recently, Plaintiffs sent a formal cease and desist letter dated November 9, 2016. A copy of that letter is attached hereto as Exhibit A. Defendants have not complied or indicated their willingness to comply with that letter.

## COUNT I
## LANHAM ACT VIOLATIONS – AGAINST BOTH DEFENDANTS

13. Plaintiffs adopt and incorporate by reference herein Paragraphs 1 through 12 above as paragraph 13 of this Count I.

14. The foregoing conduct constitutes a violation of the Lanham Act for trademark infringement under 15 U.S.C. 1114 and for false labeling, deceptive advertising and misleading customers regarding the source of the product under 15 U.S.C. 1125.

15. Based on the foregoing allegations, Plaintiffs are entitled to injunctive relief causing Defendants to cease and desist from their practices and business operations that violate the Act.

16. Plaintiffs have been damaged by the competition in which Defendants have engaged and are entitled to be compensated for said damages.

WHEREFORE, for all of the foregoing reasons, Plaintiffs pray this Court for judgment as follows:

    a. Preliminary and permanent injunctive relief as appropriate to stop the business conduct complained of in the Complaint and to prevent said conduct in the future;

    b. Statutory and actual damages in an amount to be proven at trial but reasonably believed to be in excess of $100,000.00;

    c. Attorneys' fees as provided by the Act;

    d. Such other and further relief as the Court deems proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY – USURPATION OF CORPORATE OPPORTUNITY

17. Plaintiffs adopt and incorporate by reference herein Paragraphs 1 through 16 above as paragraph 17 of this Count II.

18. The foregoing conduct reflects a breach of fiduciary duty as a shareholder, director and officer, and a usurpation of corporate opportunity by Tom Ohrstrom;

19. Plaintiffs have been damaged by the conduct of Tom Ohrstrom and are entitled to be compensated for said damages.

WHEREFORE, for all of the foregoing reasons, Plaintiffs pray this Court for judgment as follows:

    a. Preliminary and permanent injunctive relief as appropriate to stop the business conduct complained of in the Complaint and to prevent said conduct in the future;

    b. Statutory and actual damages in an amount to be proven at trial but reasonably believed to be in excess of $100,000.00;

    c. Attorneys' fees as provided;

    d. Such other and further relief as the Court deems proper.

Dated: January 13, 2017          Respectfully submitted,

LARS OHRSTROM,
MAXICROP, U.S.A., INC.,
P. B. OHRSTROM & SONS, INC.

By:    */s/ George N. Vurdelja, Jr.*
        One of Its Attorneys

George N. Vurdelja, Jr. (ARDC #6181504)
gvurdelja@harrisonheld.com
HARRISON & HELD, LLP
333 West Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone: (312) 332-1111